Frank GRIM, Jr., Plaintiff,

v.

Lewis MOORE, et al., Defendants.

No. C–3–87–081.

United States District Court, S.D. Ohio, W.D.

Sept. 21, 1988.

---

Frank Grim, Jr., Chillicothe, Ohio, pro se.

Howard P. Krisher, Dayton, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. # 8); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS ATTACHED TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. # 9) OVERRULED; PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC. # 13) DEEMED MOOT; TERMINATION ENTRY

RICE, District Judge.

The Motion of the Defendants herein, seeking an Order of the Court granting

summary judgment in their favor and against the Plaintiff (Doc. # 8), is deemed by this Court to be well taken and same is, therefore, sustained in its entirety. Judgment will be entered in favor of the Defendants and against the Plaintiff herein.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court adopts, in its entirety, the reasoning and citations of authority set forth in the Memorandum filed in support of the Defendants' Motion for Summary Judgment (Doc. # 8).

Specifically, this Court notes that it is undisputed, either by affidavit or by any other proper Fed.R.Civ.P. 56 materials, that the Plaintiff's time of incarceration in the Urbana City Jail, a holding facility, was 13 hours and 41 minutes.

2. The Supreme Court decision in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), is instructive in the situation wherein plaintiffs are incarcerated for brief periods of time in holding facilities—short term custodial facilities—such as the Urbana City Jail.

In *Bell*, the Supreme Court stated:

"[I]n evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, the proper inquiry is whether those conditions or restrictions amount to punishment of the detainee. Absent a showing of an expressed intent to punish, if a particular condition or restriction is reasonably related to a legitimate, non-punitive governmental objective, it does not, without more, amount to 'punishment,' but conversely, if a condition or restriction is arbitrary or purposeless, a court may permissibly infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. In addition to insuring the detainee's presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that

such conditions and restrictions are intended as punishment."

3. In the Plaintiff's Complaint, he lists some 28 alleged deprivations (conditions of incarceration) that he experienced during his time in the Urbana City Jail. Based upon the affidavits submitted in support of the Defendants' Motion for Summary Judgment, an inference is raised, an unrebutted inference, that these restrictions, even assuming same were visited upon the Plaintiff to his detriment, amounted not to an expressed intent to punish but rather were reasonably related to a legitimate non-punitive governmental objective, to wit: the short term holding of prisoners. While not intending to minimize the specific "deprivations", none of them, taken individually, in groups or in toto, amounts to constitutional deprivations which would implicate this Court's subject matter and/or remedial jurisdiction. As Plaintiff has pointed out in his Memorandum Contra (Doc. # 9) the Defendants' Motion for Summary Judgment, factual disputes and issues abound. However, even assuming that the Plaintiff's version of the facts is taken as true, said issues are not genuine issues of *material* fact, given the fact that the Urbana City Jail is a short term holding facility and the fact that Plaintiff's facts taken as true do not raise an inference that the Defendants allowed the conditions or restrictions to exist with the intent to punish the Plaintiff.

4. All of the above assumes, *arguendo*, that during the Plaintiff's 13 hours and 41 minutes in confinement, he was awake and aware long enough to not only become knowledgeable about the conditions in the Urbana City Jail but also to suffer damages as the result of same.

5. In addition to the foregoing, this Court adopts, with specificity, the Defendants' contention (and supporting legal authority) that because Plaintiff is no longer at the Urbana City Jail, his Complaint for declaratory and injunctive relief must be dismissed as moot.

The Plaintiff, who is no longer confined in the City of Urbana Jail, asks this Court for injunctive relief, to wit: to order the

Defendants to implement and maintain certain standards at the jail. For the reasons stated below, this Court holds that the federal court is without jurisdiction to entertain the Plaintiff's claim for injunctive relief.

In *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983), a case in which the plaintiff sought an injunction from federal court to prevent the Los Angeles Police Department from using "chokeholds" on arrestees unless threatened by deadly force, the Supreme Court stated, "[t]he equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again ..."

Even assuming, *arguendo*, that the conditions maintained by the Defendants at the Urbana City Jail were the result of unconstitutional conduct by the Defendant during the Plaintiff's brief stay, the Plaintiff fails to show that he is irreparably harmed in that he will again experience injury as the result of the "unconstitutional" jail conditions, even if continued. In short, there is neither allegation nor showing that the Plaintiff will ever again be exposed to the allegedly unconstitutional conditions at the jail facility by being housed therein as an inmate. Thus, Plaintiff is not entitled to injunctive relief under the rule set out by the Supreme Court in *City of Los Angeles v. Lyons*.

6. Only three out of the Plaintiff's twenty-eight claims for relief *possibly* rise to the level of a constitutional deprivation: claims 2, 4, and 28 addressed briefly below.

In his second claim, Plaintiff alleges that upon arrival at the Urbana City Jail, his personal property, including money, was confiscated; that Plaintiff was not given a receipt and the full amount of the confiscated money was never returned to him. Accordingly, Plaintiff brings this action under 42 U.S.C. § 1983 on grounds that the Defendants, under color of state law, deprived him of his property without due process of law in violation of the four-

teenth amendment of the United States Constitution.

United States Code § 1983 in pertinent part provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Plaintiff's Complaint unquestionably satisfies three of the prerequisites of a due process claim. The Defendants, City Jail officials, acted under color of state law. *See Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978); money is "property"; and the Plaintiff alleges he was deprived by the Defendants of his money. However, as the Supreme Court of the United States pointed out on similar facts of an alleged deprivation by jail officials of a prisoner's property, these three factors alone are insufficient to make out a fourteenth amendment due process claim under § 1983. "Standing alone ... these three elements do not establish a violation of the fourteenth amendment. Nothing in that amendment protects against *all* deprivations of life, liberty or property by the state. The fourteenth amendment protects only against deprivations *without due process of law*." *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (emphasis added). In *Parratt*, the Supreme Court held that although the petitioner had been deprived of his property under color of law, the deprivation did not occur as a result of some established state procedure, rather it was the result of a negligent and random act of the prison officials involved. Since the petitioner did not allege that the state procedures themselves were inadequate, and further since the State provided a remedy in tort for persons who believe they had suffered a

tortious loss at the hand of the State, the Supreme Court held that it could not be said that petitioner was deprived of his property without procedural due process of law. Likewise, Plaintiff herein does not allege that the state procedures for handling prisoner property are inadequate. At best, the loss of his money appears to be a random and negligent act of the prison officials at the Urbana City Jail. Since Plaintiff could sue the Defendants in tort under Ohio law, it cannot be said he was deprived of his property without due process of law.

In *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (1984), the Sixth Circuit stated: "Section 1983 was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials. Rather, the statute is a remedy for only those wrongs which offend the Constitution's prohibition against property deprivations without procedural due process. Thus, we hold that in § 1983 damage suits claiming the deprivation of a property interest, the Plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. In a procedural due process case under § 1983, the Plaintiff must attack the state's corrective procedure as well as the substantive wrong." Since the Plaintiff has failed to allege the inadequacy of the state remedies available to him in addition to his allegation of the substantive wrong, he fails to make out a claim redressable under § 1983 with respect to his second claim.

■ In the Plaintiff's fourth claim, he alleges he received no form of medical screening and further that while at the time of his arrest, he was under a doctor's care and taking prescribed medication, no attempt was made to determine whether or not incoming prisoners had ongoing medical problems requiring treatment. Construing the Plaintiff's allegations as true, as this Court must do when considering a motion for summary judgment directed against a plaintiff, and totally putting aside the fact that affidavits submitted by the Defendant raise a counter inference, the Plaintiff's facts, taken as true, and, further, taking those facts and building any reasonable inference thereon, amount to nothing more than an allegation of negligence against the Defendants and, consequently, fall far short of the "deliberate indifference to serious medical needs" required by the Supreme Court to be alleged and proven in *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

■ Finally, Plaintiff states in his twenty-eighth claim that the Defendant intentionally demeaned the Plaintiff by referring to him as a "Bastard" and a "Son of a Bitch" in his presence. While this allegation might possibly state grounds for a claim for intentional infliction of emotional distress, Plaintiff fails to show how he was in any manner damaged by the Defendant's conduct. Absent an allegation by Plaintiff that Defendant proximately caused damage to the Plaintiff by his conduct, Plaintiff fails to make out a claim for relief redressable under federal or state law.[1]

■ 7. The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial since there is "no genuine issue as to any material fact." *Id.* at 323, 106 S.Ct. at 2552. Accordingly, since the plaintiff failed to produce evidence sufficient to es-

---

1. Having already disposed of Plaintiff's claims for injunctive and declaratory relief, the remainder of Plaintiff's allegations in the statement of claims for which he seeks compensatory damages are easily disposed of on the failure to allege and to prove (to demonstrate a genuine issue of material fact) proximate causation. While Plaintiff lists numerous inadequacies with respect to the conditions at the Urbana City Jail, he fails to demonstrate how any of these conditions proximately caused him any damage.

tablish that the Defendants intended to punish the Plaintiff by allowing certain conditions to exist at the Urbana City Jail, since Plaintiff has completely failed to produce any proof of proximate cause and damages on claims 4 and 28, (as well as on any and all other claims) and "deliberate indifference to serious medical needs" on claim 2—all essential elements on which the Plaintiff bears the burden of proof at trial—entry of summary judgment is appropriate.

This Court has reviewed the Plaintiff's discovery requests served upon the Defendants. These discovery requests sparked a motion for and the granting of a Protective Order shortly after said discovery requests were served upon the Defendants. The Plaintiff has, in effect, renewed these discovery requests through a Motion to Compel Discovery (Doc. # 13), claiming that he needs additional information in order to more adequately respond to the Defendants' Motion for Summary Judgment. In this Court's opinion, such a contention raises the argument that, pursuant to Fed.R. Civ.P. 56(f), the Plaintiff is unable to adequately respond to the Defendants' Motion for Summary Judgment absent the discovery requested. A review of those discovery requests (20 pages, setting forth 93 interrogatories), reveals that even with the answers to said interrogatories, to the extent that same are proper under Fed.R. Civ.P. 26, the Plaintiff would be unable to develop, within the factual and legal confines of this case, genuine issues of material fact.

■ 8. The Plaintiff, in his Memorandum Contra the Defendant's Motion for Summary Judgment, has asked this Court to strike the affidavits of the Defendants Kimpel and Lingrell. This, the Court declines to do, given the fact that, pursuant to a review of the affidavits, this Court is satisfied that pursuant to Fed.R.Civ.P. 56(e) the affidavits in question are made upon personal knowledge, setting forth facts as would be admissible in evidence, and, moreover, affirmatively show that the affiants are competent to testify to the matters stated therein. Specifically, De-

fendant Kimpel is qualified, pursuant to Fed.R.Evid. 701, to testify that, in his opinion, the Plaintiff "was under the influence of alcohol and was intoxicated at that time [the time of his arrest]", given the fact that the affidavit clearly shows that his opinion was rationally based upon his perceptions of the Plaintiff. Moreover, the objected to portions of Defendant Lingrell's affidavit (¶ 11) do not set forth hearsay. Rather, the statements of Defendant Lingrell indicated that he inquired of other persons whether they had received complaints from the Plaintiff. The inquiry is as to the existence of the complaints. The answer is in the negative. Nowhere is there any statement by Lingrell of what others told him offered for the truth of those statements. That portion of paragraph # 11, reading "[T]he impression left the officers was that Mr. Grim had been intoxicated and that he was 'sleeping it off,'" would appear to be hearsay, offered for the truth and not covered by any of the recognized exceptions to the hearsay rule. To that extent, the Motion to Strike is sustained as to that portion of ¶ 11. Even with this deletion, however, the affidavit of Lingrell is sufficient, along with everything above referenced, to substantiate the Defendants' Motion for Summary Judgment.

The Plaintiff's Motion seeking an Order of the Court striking the affidavits of Kimpel and Lingrell, as attached to the Memorandum in Support of the Defendants' Motion for Summary Judgment (Doc. # 9) is, with the sole exception referenced above, overruled.

The Plaintiff's motion seeking an Order of the Court delaying a ruling on the Defendants' Motion for Summary Judgment, pursuant to Fed.R.Civ.P. 56(f) and, moreover, the Motion of the Plaintiff seeking an Order of the Court compelling discovery (Doc. # 13), the sustaining of which would allegedly provide the information that Plaintiff needs to adequately respond to said Motion for Summary Judgment, is overruled.

WHEREFORE, based upon the aforesaid, this Court finds well taken the Motion of the Defendants seeking an Order of the

Court granting summary judgment in their favor and against the Plaintiff herein. Judgment will be entered in favor of the Defendants and against the Plaintiff. All claims of the Plaintiff are dismissed with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.